## SHARKEY v. NATIONAL BROAD-CASTING CO., Inc., et al.

United States District Court
S. D. New York.
Nov. 10, 1950.

Spring & Eastman, New York City, for plaintiff.

Coudert Brothers, New York City, for defendants National Broadcasting Co., Inc., and Chesebrough Mfg. Co.

McGOHEY, District Judge.

The defendants, asserting that the complaint fails to state a claim on which relief can be granted, move to dismiss under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The amended complaint sets out two claims for damages: one, the use of plaintiff's name and pictures without his consent on a sponsored television program; two, the use of his name and pictures without his consent in newspaper and other advertising media in order to advertise the television program and the products advertised thereon.

█ The facts pleaded, which must on this motion be deemed true, are briefly these. The plaintiff was, for a short period in the early thirties, heavyweight boxing champion of the world. Since then he has, and at present is, engaged professionally in various activities in the fields of entertainment and sports. These activities keep his name and pictures in the public mind and eye, with consequent pecuniary value to him.

Defendant Chesebrough Mfg. Co., through defendant Cayton, Inc., advertises its products to the public by means of a television program over facilities of defendant National Broadcasting Company, Inc. The program is called "Greatest Fights of the Century." It consists in part of the showing of motion pictures of fights supposed by the sponsors to come within the category described by the program's title. The plaintiff was a performer in one of the motion pictures thus shown. His consent was not asked or given for its use on the defendant's program. He does not complain that the program's

title is inaccurate or in any way derogatory, but says nevertheless that the defendants' unauthorized use of his name and pictures for purposes of trade and advertising has made them less valuable to him in his present professional activities described above.

 Nothing in the complaint supports defendants' argument that the challenged program was merely dissemination of news. On the contrary, it alleges acts by the defendants which are clearly in violation of Section 51 of the New York Civil Rights Law, McK.Consol.Laws, c. 6. Moreover, the complaint on the face does not show that the plaintiff has, as urged by defendants, lost or so far restricted his right of privacy as to·be without standing to· challenge the unauthorized use of his name and pictures for trade and advertising.

The complaint on its face does state a claim on which relief may be granted. The motion is therefore denied.

Submit order.